IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                    Criminal No.   2:14-cr-20008-PKH-MEF-1

MICHAEL GENE HANEY                    DEFENDANT/PETITIONER


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on March 14, 2016. (Doc. 34) The United States filed a response on April 15, 2016. (Doc. 37) On June 14, 2016, Bruce D. Eddy, Federal Public Defender for the Western District of Arkansas, entered his appearance on Defendant/Petitioner's behalf. (Doc. 39) Defendant/Petitioner filed a *pro se* reply on June 23, 2016. (Doc. 40) Counsel for Defendant/Petitioner also filed a Memorandum in Support of Motion Under 28 U.S.C. § 2255 on June 23, 2016. The matter is ready for report and recommendation.

### I. Background

On March 19, 2014, Defendant/Petitioner, Michael Gene Haney ("Haney"), was named in an Indictment charging him unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1) Haney was arrested on April 4, 2014, and he appeared for arraignment before the Hon. James R. Marschewski, Chief United States Magistrate Judge, on April 10, 2014, at which time Haney entered a not guilty plea to the Indictment. (Doc. 10) James B. Pierce ("Pierce"), Assistant Federal Public Defender, was appointed to represent Haney. (Docs.

-1-

10, 12)

On June 5, 2014, Haney appeared before Judge Marschewski for a change of plea hearing. (Doc. 19)  Pursuant to a written Plea Agreement (Doc. 20), Haney pleaded guilty to the Indictment charging him with being a felon in possession of a firearm.  (Docs. 19, 20)   A Report and Recommendation that Haney's guilty plea be accepted and the Plea Agreement tentatively approved, subject to final approval at sentencing, was filed by Judge Marschewski on June 5, 2014.  (Doc. 22) Haney also executed a Waiver of Objections to Report and Recommendation on June 5, 2014.  (Doc. 21)  An Order adopting the Magistrate Judge's Report and Recommendation was entered by the Honorable P. K. Holmes, Chief United States District Judge, on June 6, 2014.  (Doc. 23)

An initial Presentence Investigation Report ("PSR") was prepared on August 20, 2014.  (Doc. 25)  In it, Haney's criminal conduct resulted in a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2).  (Doc. 25, ¶ 21)  Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), a four-level enhancement was assessed as Haney possessed the firearm in connection with another felony offense, namely, possession of methamphetamine.  (Doc. 25, ¶ 22)  Since Haney was subject to an enhanced penalty pursuant to 18 U.S.C. § 924(e), he was considered an armed career criminal within the meaning of U.S.S.G. § 4B1.4(b)(3)(B), which elevated his offense level to 33.  (Doc. 25, ¶ 27)  After a reduction of three levels for acceptance of responsibility, Haney's total offense level was determined to be 30. (Doc. 25, ¶¶ 28-30)

Haney was found to have 20 criminal history points, placing him in criminal history category VI.  (Doc. 25, ¶ 78)  Because Haney was determined to be an armed career criminal, the statutory minimum term of imprisonment was 15 years, and the statutory maximum term of imprisonment was

life[1].  (Doc. 2; Doc. 25, ¶ 125)  Based on a total offense level of 30 and a criminal history category of VI, the advisory guideline range for imprisonment was 168 to 210 months; but, because Haney faced a mandatory minimum sentence of 15 years as an armed career criminal, the guideline range for imprisonment was adjusted to 180 to 210 months.  (Doc. 25, ¶ 126)  Absent the armed career criminal finding, the statutory maximum for the offense of conviction would have been not more than 10 years imprisonment.  (Doc. 2; Doc. 25, ¶ 125)

The United States advised that it had no objections to the PSR.  (Doc. 27)  Haney made one objection to a typographical error in the PSR.  (Doc. 26)  A correction was made by the Probation Officer.  (Doc. 28-1)  A final PSR was submitted to the Court on September 24, 2014.  (Doc. 28)

Haney appeared for sentencing on October 16, 2014.  (Doc. 30)  The Court made inquiry that Haney was satisfied with his counsel; the PSR was reviewed in open court, amended as to supervised release, and adopted; final approval of the plea agreement was expressed; counsel and Haney were afforded the opportunity to make statements; and, the Court imposed a low-end guidelines sentence of 180 months imprisonment, three years supervised release, no fine, and a $100.00 special assessment.  (Doc. 30)  Judgment was entered by the Court on October 16, 2014.  (Doc. 31)

Over one year later, Haney filed a Notice of Appeal Untimely on November 6, 2015.  (Doc. 33)  In it, Haney alleged that he told his counsel at the time of sentencing that he wanted to appeal his sentence based on the fact that his prior convictions did not justify his classification as an armed career criminal; that his counsel told him he would do so; but, that it had not been done.  On November 9, 2015, the Court, by Text Only Order, denied the motion to the extent it may be

---

[1] The initial PSR noted the statutory maximum term of imprisonment is 10 years pursuant to 18 U.S.C. § 924(a)(2), the mandatory minimum of 15 years for an offender subject to 18 U.S.C. § 924(e), but it did not state the statutory maximum sentence under 18 U.S.C. § 924(e).

construed as a motion for extension of time to file a notice of appeal, and the Court directed the Clerk to provide Haney with a § 2255 form.

On March 14, 2016, Haney filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Doc. 34)  Haney's motion cites the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and he vaguely argues that "the application of the ACCA enhancement is no longer valid."  (Doc. 34, p. 5)

The United States' response to the motion was filed on April 15, 2016.  (Doc. 37)  The United States argued that Haney's two prior convictions for robbery, his prior conviction for first degree battery, and his prior conviction for second degree battery all still served as "violent felonies" under the ACCA as each of these convictions "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Haney filed a *pro se* reply on June 23, 2016.  (Doc. 40)  His counsel also filed a Memorandum in Support of Motion Under 28 U.S.C. § 2255 on June 23, 2016.  (Doc. 41)

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Haney's § 2255 motion, the United States' response, and the files and records of this case conclusively show that Haney is entitled to relief under *Johnson*, and the undersigned recommends that his motion pursuant to § 2255 (Doc. 28) be granted, his sentence be vacated, and that Haney be re-sentenced without his Arkansas robbery convictions serving as predicates for ACCA enhancement.

### A. *Johnson*, *Welch*, and the Residual Clause of the ACCA

Federal law prohibits certain people, including convicted felons, from shipping, possessing, and receiving firearms. 18 U.S.C. § 922(g). Violation of this law generally results in punishment up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). If the offender has three or more previous convictions for a "violent felony" or a "serious drug offense," the Armed Career Criminal Act ("ACCA") imposes a 15-year mandatory minimum sentence and a maximum of life. 18 U.S.C. § 924(e)(1).

The ACCA defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subsection (i) above is referred to as the "force" clause

of the ACCA. *See United States v. Fogg*, 836 F.3d 951, 954 (8th Cir. 2016). The italicized portion of subsection (ii) above is known as the "residual" clause of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

The United States contends the *Johnson* rule is inapplicable to Haney's ACCA-enhanced sentence on the basis that his prior convictions fall within the scope of the "force" clause of 18 U.S.C. § 924(e)(2)(B)(i). Haney denies his prior convictions meet the requirements of the "force" clause, points out they are not among the "enumerated offenses" in § 924(e)(2)(B)(ii), and he argues they cannot be considered under the now invalid "residual" clause.

## B. Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The operative date in this case is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 225(f)(3). Here, the new rule announced in *Johnson*, made retroactively applicable to cases on collateral review, was recognized by the Supreme Court on June 26, 2015. Haney's § 2255 motion was filed on March 14, 2016, which as the United States concedes, is within the one-year limitations period prescribed in 28 U.S.C. § 2255(f)(3).

### C. Haney's Arkansas Robbery Convictions

Haney contends that by virtue of the Supreme Court's ruling in *Johnson*, his two prior Arkansas robbery convictions no longer qualify as valid predicate offenses under the ACCA. (Doc. 41, pp. 4-7) As reflected in the PSR, Haney's extensive criminal history includes two Arkansas convictions for robbery: one in 1995 in Sebastian County Circuit Court, Case No. CR-95-461, and a second in 2009, also in Sebastian County Circuit Court, Case No. CR-2009-937(B). (Doc. 28, ¶¶ 38, 74)

A.C.A. § 5-12-102 provides: "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon

-7-

another person."  The term "physical force" is defined in A.C.A. § 5-12-101 to mean "(1) [b]odily impact, restraint, or confinement; or (2) [t]hreat of any bodily impact, restraint, or confinement."

Eighth Circuit precedent held "[b]y definition, robbery in Arkansas qualifies as a crime of violence under [U.S.S.G.] § 4B1.2(a)(1)" because of the clause in the statute that required a person to "employ[] or threaten[] to immediately employ physical force upon another person."  *See United States v. Sawyer*, 588 F.3d 548, 556 (8th Cir. 2009).  Because the definition of a "crime of violence" under § 4B1.2(a) and that of a "violent felony" under § 924(e)(2)(B) are virtually identical, and have been interpreted as effectively interchangeable, Arkansas robbery was also considered to be a "violent felony" for ACCA purposes in this circuit.

*Sawyer*, however, was decided prior to *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), in which the Supreme Court clarified that "physical force" in the context of ACCA's definition of a violent felony "means *violent* force - that is, force capable of causing physical pain or injury to another person."  *See also United States v. Vinton*, 631 F.3d 476, 485-86 (8th Cir. 2011).  The Eighth Circuit recently reevaluated its holding in *Sawyer* in light of *Johnson* and held that a conviction for Arkansas robbery does not categorically constitute a violent felony under the ACCA.  *See United States v. Eason*, 829 F.3d 633, 642 (8th Cir. 2016) ("In sum, we cannot conclude that the degree of physical force required to commit robbery in Arkansas rises to the level of physical force required to establish a crime of violence for ACCA purposes.").  In so holding, the Eighth Circuit recognized that the definition of physical force found at A.C.A. § 5-12-101 falls short of requiring "force capable of causing physical pain or injury to another person" as required by *Johnson*.  The court noted that Arkansas law made clear that a robbery may be committed "even where there was no threat of force and no actual injury befell the victim."  *Eason*,

829 F.3d at 641 (citing *Fairchild v. State*, 269 Ark. 273, 600 S.W.2d 16 (1980)).  Because no bodily injury is necessary to support an Arkansas robbery conviction, and because "not every unwanted touching constitutes violent force," *see Eason*, 829 F.3d at 642 n.7, a conviction for Arkansas robbery does not qualify as a violent felony under the ACCA's force clause.

Accordingly, because Arkansas robbery does not qualify as a violent felony under the force clause, is not an enumerated offense under the ACCA, and in light of *Johnson's* invalidation of the ACCA's residual clause, the undersigned must conclude Haney's two prior Arkansas convictions for robbery cannot be considered as predicate offenses for purposes of sentencing enhancement under the ACCA.

### D.  Haney's Arkansas Battery Convictions

Haney also submits that post-*Johnson* his two prior Arkansas battery convictions no longer qualify as valid predicate offenses under the ACCA.  (Doc. 41, pp. 7-10)

In 1997, Haney was convicted of battery in the first degree in Sebastian County Circuit Court, Case No. CR-97-439.  (Doc. 28, ¶ 39)  Haney was convicted of battery in the second degree, also in Sebastian County Circuit Court, Case No. CR-2002-1229, in 2003.  (Doc. 28, ¶ 61)

### 1.  Haney's First Degree Battery Conviction

At the time of Haney's conviction, the Arkansas first degree battery statute provided several ways one could commit the offense, including:

"(a) A person commits battery in the first degree if:

(1) With the purpose of causing serious physical injury to another person, the person causes serious physical injury to any person by means of a deadly weapon;

(2) With the purpose of seriously and permanently disfiguring another person or of destroying, amputating, or permanently disabling a member or organ of that other

person's body, the person causes such an injury to any person;

(3) The person causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life[.]"

A.C.A. § 5-13-201(a) (1997).

The United States concedes in its response that "Arkansas' first degree battery statute is divisible in that it can be committed in several different ways - some of which constitute a crime of violence, and some which do not."  (Doc. 38, p. 11)  Citing *United States v. Boose*, 739 F.3d 1185, 1188 (8th Cir. 2014), the United States acknowledges that A.C.A. § 5-13-201(a)(3) can be violated with a mental state of recklessness, and thus it does not qualify as a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1).  The Government then argues that use of the modified categorical approach may be used – involving a review of the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by defendant, or to some comparable judicial record of this information," citing *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) – to determine "which of the several, separately described crimes encompassed by the statute formed the basis of the defendant's conviction."  (Doc. 38, p. 11)

The United States argues the charging language in the Information tracks the language of A.C.A. § 5-13-201(a)(1), as it alleges Haney "did unlawfully, and feloniously, with the purpose of causing serious physical injury to Michael James Norris, cause serious physical injury to Michael Jaems (sic) Norris by means of a deadly weapon."  (Doc. 38-3)  Although Haney agrees that such charging language was used, he argues the Judgment and Commitment Order does not indicate which particular subsection of the statute Haney was convicted of.  (Doc. 41, p. 8)  Haney states that

-10-

defendants "often plead to different or lesser offenses than those charged in a criminal information without an amended information being filed," and that "it cannot be conclusively determined that Mr. Haney pleaded guilty to and was convicted of violating § 5-13-201(a)(1), even if the Information appears to indicate he was charged with violating that subsection." (Doc. 41, p. 9)  Supreme Court precedent resolves this issue.

In *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court held that the enquiry to determine the ACCA's application to a prior conviction by plea agreement "is limited to the terms of the charging document, the terms of a plea agreement or transcript colloquy between judge and defendant in which the factual basis for the plea was confirmed by defendant, or to some comparable judicial record of this information."  No where in *Shepard* is there reference to the judgment of conviction, only the charging documents, a plea agreement, or a colloquy in which the defendant confirms the factual basis for the plea.  That ruling undermines Haney's argument regarding use of the Judgment and Commitment Order to sow ambiguity as to which subsection of A.C.A. § 5-13-201 he pleaded guilty to and was convicted of. As the Government notes, and Haney concedes, the charging document plainly alleges the elements set forth in A.C.A. § 5-13-201(a)(1).

Haney's Memorandum (Doc. 41) was ironically filed on June 23, 2016, the very day *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) was decided.  *Mathis* is not cited in Haney's Memorandum, but the analysis concerning use of the modified categorical approach in *Mathis* is critical to disposition of the issue presently before this Court.  Speaking of the modified categorical approach, Justice Kagan stated, "the only [use of that approach] we have ever allowed ... is to determine which *element(s)* played a part in the defendant's conviction."  *Mathis*, 136 S.Ct.

at 2253 (internal citations and quotation marks omitted) (emphasis in original).  The "threshold inquiry" is "elements or means?"  *Id*. at 2256.  The Supreme Court noted that a state court decision may definitively answer that question, as may the statute on its face – "[i]f statutory alternatives carry different punishments, then under *Apprendi*[2] they must be elements."  Here, it is noteworthy that the current version of A.C.A. § 5-13-201 does provide for different felony classifications, and therefore, different punishments for certain of the statutory alternatives.[3]  Further, the Supreme Court in *Mathis* instructed that "if state law fails to provide clear answers," a court may "peek at the record documents" for "the sole and limited purpose of determining whether [the listed items are] element[s] of the offense."  *Id*. at 2256-57.  On this point, the Supreme Court noted that "an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes to a separate crime."  *Id*. at 2257.  Such are the circumstances in the present case where the Information charges only one alternative, i.e., the language in A.C.A. § 5-13-201(a)(1), to the exclusion of all others.  Arkansas' model criminal jury instructions reinforce this interpretation, as they set forth the elements for each of the statutory alternatives of first degree battery separately.  *See* AMCI 2d 1301.

Having considered the statutory language on its face, and having taken just a "peek" at the *Shepard* documents, the undersigned concludes that A.C.A. § 5-13-201 sets forth alternative elements of the offense of battery in the first degree.  The elements Haney was charged with having committed required purposely causing serious physical injury to the person of another by means of a deadly weapon, and those elements fall within the scope of the ACCA's "force" clause.

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 l.Ed.2d 435 (2000).

[3] *See* A.C.A. § 5-13-201(c).

Accordingly, Haney's prior conviction for first degree battery may be used as an ACCA predicate offense.

## 2. Haney's Second Degree Battery Conviction

At the time of Haney's conviction, the Arkansas second degree battery statute provided:

"(a) A person commits battery in the second degree if:

> (1) With the purpose of causing physical injury to another person, he causes serious physical injury to any person;
>
> (2) With the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon other than a firearm;
>
> (3) He recklessly causes serious physical injury to another person by means of a deadly weapon; or
>
> (4) He intentionally or knowingly without legal justification causes physical injury to one he knows to be:
>
> > (A) A law enforcement officer, fire fighter, or employee of a correctional facility, while such officer, fire fighter, or correctional facility employee is acting in the line of duty;
> >
> > (B) A teacher or other school employee while acting in the course of employment;
> >
> > (C) An individual sixty (60) years of age or older or twelve (12) years of age or younger;
> >
> > (D) An officer or employee of the state while the officer or employee is acting in the performance of his lawful duty;
> >
> > (E) A physician, a person certified as an emergency medical technician as defined in § 20-13-202, a licensed or certified health care professional or any other health care provider, while performing medical treatment, emergency medical services or while in the course of other employment relating to his or her medical training; or
> >
> > (F) An individual who is incompetent as defined by § 5-25-101(3).

-13-

A.C.A. § 5-13-202(a) (2001).

In *United States v. Dawn*, 685 F.3d 790, 795 (8th Cir. 2012), the Government admitted that Arkansas' second degree battery statute is over-inclusive as it encompasses multiple crimes, some of which constitute crimes of violence and some which do not.  Referring to its decision in *United States v. Ossana*, 638 F.3d 895, 897 (8th Cir. 2011) (holding that a conviction pursuant to the Arizona aggravated assault statute involving merely reckless use of a vehicle is not a crime of violence), the Eighth Circuit in *Dawn* held that second degree battery under Arkansas law was not categorically a crime of violence because subsection (3) of the statute encompasses reckless driving that results in a serious injury.  *Dawn*, 685 F.3d at 795.  As the district court had not applied a modified categorical approach to determine whether Dawn's prior conviction for second degree battery was for a crime of violence, the Eighth Circuit reversed and remanded the case for such a determination to be made.  *Id*. at 795-96.

Employing the modified categorical approach to the present case, we take a look at the charging documents, plea colloquy, and comparable judicial records for the sole and limited purpose of determining whether the listed items are elements of the offense.  In other words, we use them "*only* to determine which part of the statute the defendant violated," and not "to see how the particular crime at issue was committed."  *See United States v. Williams*, 627 F.3d 324, 328 (8th Cir. 2010) (emphasis in original) (quotation and citation omitted).

There are three charging documents.  The first, an Information filed on November 26, 2002, charges Haney[4] with the crime of "BATTERY IN THE SECOND DEGREE (5-13-202, Class "D" Felony)," and that on or about the 11th day of October, 2002, Haney "did unlawfully, feloniously

---

[4] Under his alias name "Michael M. Herman."

-14-

and with the purpose of causing death or serious physical injury to another person, he causes physical injury to John D. Layes, by means of a deadly weapon other than a firearm." (Doc. 38-4, p. 1) The second, an Amended Information filed on June 24, 2003, added Haney's other alias names. (Doc. 38-4, p. 2) The third, an Amended Information filed on July 31, 2003, added a second charge – of being an habitual criminal under A.C.A. § 5-4-401. (Doc. 38-4, p.3) The language used in these charging documents tracks the statutory language in A.C.A. § 5-13-201(a)(2), which states that one commits battery in the second degree if "with the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon other than a firearm." By referencing one statutory alternative, to the exclusion of all others, the charging documents indicate that Arkansas' second degree battery statute contains a list of elements, each one of which goes to a separate crime. *Mathis*, 136 S.Ct. at 2257. Again, Arkansas' model criminal jury instructions reinforce this interpretation, as they set forth the elements for each of the statutory alternatives of second degree battery separately. *See* AMCI 2d 1302.

The question then becomes whether the elements of that particular form of second degree battery meet the requirements for a "violent felony." The offense of conviction required that Haney "with the purpose of causing physical injury to another person" causes "physical injury to another person by means of a deadly weapon other than a firearm." The requisite mens rea is "purposefully," and the specific intent required was to cause "physical injury" to the person of another. At the time of the offense, "physical injury" was defined as: "(A) Impairment of physical condition; (B) *Infliction of substantial pain*; or (C) *Infliction of bruising, swelling, or a visible mark associated with physical trauma*." A.C.A. § 5-1-102(14) (2001) (emphasis added). Thus, the offense of conviction has as an element "the use of physical force" against the person of another because it requires

-15-

"*violent* force - that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140.

Having considered the statutory language on its face, and having looked at the *Shepard* documents for the sole and limited purpose as permitted by *Mathis*, the undersigned concludes that A.C.A. § 5-13-202 sets forth alternative elements of the offense of battery in the second degree.  The elements Haney was charged with having committed required purposely causing physical injury to the person of another by means of a deadly weapon other than a firearm, and those elements fall within the scope of the ACCA's "force" clause.  Accordingly, Haney's prior conviction for second degree battery may be used as an ACCA predicate offense.

### E.  Sentencing Enhancements Under U.S.S.G. § 2K2.1

Because the ACCA requires at least three predicate offenses, Haney argues even if the Court determines that only two of the above-discussed prior convictions no longer qualify as violent felonies post-*Johnson*, the Court must vacate Haney's sentence and order a *de novo* re-sentencing without the enhancement imposed by the ACCA.  To the extent Haney's two Arkansas robbery convictions no longer qualify as predicate offenses under the ACCA – leaving only the two battery convictions – the undersigned agrees.  Haney further contends that the sentencing enhancement assessed pursuant to U.S.S.G. § 2K2.1(a)(2) for having at least two felony convictions for crimes of violence was in error, and that his base offense level should be recalculated without this enhancement.  (Doc. 41, pp. 10-11)  This argument fails.

The enhancement under § 2K2.1(a)(2) included an increased base offense level of 24 because Haney possessed a firearm "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  (Doc. 28, ¶ 21)  Haney's § 2255 motion does not

-16-

raise this claim, nor did the United States address the issue in its response.  Haney first raised the issue in his Memorandum in Support of Motion Under 28 U.S.C. § 2255.  (Doc. 41)  As it appears to the undersigned that Haney is entitled to have his sentence vacated and be re-sentenced, without his two Arkansas robbery convictions being considered as ACCA predicates, the issue of the § 2K2.1 enhancement is discussed below.

For its definition of "crime of violence," Application Note 1 to § 2K2.1 refers to § 4B1.2(a). The definition of "crime of violence" found at § 4B1.2 is virtually identical to the ACCA's definition of a "violent felony" found at 18 U.S.C. § 924(e)(2)(B).  In light of *Johnson*, there is an open debate as to whether the identical residual clause of § 4B1.2 is also unconstitutional.  This issue will be directly affected by the Supreme Court's forthcoming decision in *Beckles v. United States*, 136 S.Ct. 2510 (2016).  As application of the § 2K2.1 enhancement can be determined in the instant case without reference to the residual clause of § 4B1.2, no stay of these proceedings pending the outcome in *Beckles* is necessary.

As discussed above with respect to the ACCA, Haney's two Arkansas battery convictions would still also qualify as "crimes of violence" under the identical "force" clause of § 4B1.2(a)(1). Those two convictions would meet the requirement of § 2K2.1(a)(2) that Haney have at least two prior felony convictions of either a crime of violence or a controlled substance offense, so Haney's enhanced base offense level at re-sentencing would still be 24.

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Haney's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 28) be **GRANTED**; that Haney's sentence be vacated; and, that Haney be scheduled for re-sentencing without the ACCA enhancement based on his two Arkansas robbery

convictions.

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 3rd day of February, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE